IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICAH LYNN BROWN,<br><br>Defendant. | CR 24-36-GF-BMM-JTJ<br><br>FINDINGS AND<br>RECOMMENDATIONS |

## I.    Synopsis

Defendant Micha Lynn Brown (Brown) has been accused of violating conditions of her supervised release. (Doc. 199 and 207). Brown admitted to most of the alleged violations. Brown's supervised release should be revoked. Brown should be sentenced to custody for 6 months, with 30 months of supervised release to follow on Count 1 and to a term of custody of 6 months, with 30 months of supervised release to follow on Count 2, with both the custodial and supervised release terms to run concurrently. During the first 180 days of supervised release, Brown shall be placed in a residential re-entry center for a period of 180 days at the direction of her probation officer.

## II. Status

Brown plead guilty on October 21, 2024, to the offenses of Felony Child Abuse, in violation of 18 U.S.C. § 1153 and Mont Code Ann. §§ 45-5-212(1), (2(B)(I) as charged in Count 1 of the Indictment and Assault Resulting in Substantial Bodily Injury To An Individual Under 16 Years, in violation of 18 U.S.C. §§ 113(a)(7), 1153(a) as charged in Count 2 of the Indictment. (Doc.25). Brown was sentenced to 6 months of custody followed by 3 years of supervised release on Count 1 and to 6 months of custody followed by 3 years of supervised release on Count 2, with both the custodial and supervised release terms to run concurrently. (Doc. 33). Brown' current term of supervised release began on March 27, 2025.

### Petition

On June 24, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Brown' supervised release. (Doc. 37). The Petition alleged Brown violated conditions of her supervised release by: (1) consuming alcohol on June 11, 2025.

### Amended Petition

On February 10, 2026, the United States Probation Office filed an Amended Petition requesting that the Court revoke Brown's supervised release. (Doc. 39). The Amended Petition alleged Brown additionally violated the conditions of her supervised release by: (2) testing positive for marijuana on June 23, 2025; (3)

admitting to law enforcement on February 10, 2025, that she used methamphetamine daily; (4) admitting to law enforcement that she used fentanyl multiple times in the weeks leading up to February 10, 2026; (5) failing to update her violent offender registry as required since August of 2025; (6) consuming alcohol on February 10, 2026; and (7) admitting to law enforcement on February 10, 2026 that she had left the State of Montana and traveled to Portland Oregon without the permission of the court or her probation officer.

**Initial Appearance**

Brown appeared before the Court on February 24, 2026. Brown was represented by counsel. Brown stated that she had read the Amended Petition and that she understood the allegations against her. Brown waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Brown appeared before the Court on February 25, 2026. Brown admitted that she had violated the conditions of supervised release as set forth in allegations 1-4 and 6-7 of the Amended Petition. The Government moved to dismiss allegation 5, which the Court granted. Brown's violations are serious and warrant revocation of her supervised release.

**Sentencing hearing**

Brown appeared before the Court on February 24, 2026.  Brown's violations are a Grade C.  Her criminal history category is I.  Brown' underlying offense in Count 1 is a Class C felony and in Count 2 is a Class D felony. Brown could be incarcerated for up to 24 months on Count 1 and for up to 24 months on Count 2. Brown could be ordered to remain on supervised release for 36 months less any custody time on Count 1 and for 36 months less any custody time on Count 2. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.    Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Brown's supervised release should be revoked. Brown should be sentenced to custody for 6 months on Count 1, with 30 months of supervised release to follow and to a term of custody for 6 months on Count 2, with 30 months of supervised release to follow.  Both the custodial and supervised release terms shall run concurrently. During the first 180 days of supervised release, Brown shall be placed in a residential re-entry center for a period of 180 days at the direction of her probation officer. This sentence is sufficient but not greater than necessary.

### IV.    Conclusion

The Court informed Brown that the above sentence would be recommended to the Chief United States District Judge Brian Morris.  The Court also informed

Brown of her right to object to these Findings and Recommendations within 14 days of this issuance.  The Court explained to Brown that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.

The Court **FINDS:**

That MICAH LYNN BROWN. has violated the conditions of her supervised release by: (1) consuming alcohol on June 11, 2025; (2) testing positive for marijuana on July 23, 2025; (3) admitting to law enforcement on February 10, 2025 that she used methamphetamine daily; (4) admitting to law enforcement that she used fentanyl multiple times in the weeks leading up to February 10, 2026; (6) consuming alcohol on February 10, 2026; and (7) admitting to law enforcement on February 10, 2026 that she had left the State of Montana and traveled to Portland Oregon without the permission of the court or her probation officer.

The Court **RECOMMENDS:**

That the District Court revoke Brown' supervised release and sentence Brown to custody for 6 months, on Count 1, with 30 months of supervised release to follow and to a term of custody for 6 months on Count 2, with 30 months of supervised release to follow.  Both the custodial and supervised release terms shall run concurrently. During the first 180 days of supervised release, Brown shall be placed in a residential re-entry center for a period of 180 days at the direction of her probation officer.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C.  Section 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 25th day of February 2026.


John Johnston
United States Magistrate Judge