**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>     vs.<br><br><br>MICHA LYNN BROWN,<br><br>             Defendant. | **CR-24-36-GF-BMM**<br><br><br><br>**ORDER** |

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on February 25, 2026. (Doc. 48.)

When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Bad Old Man v. Arn*, 474 U.S. 140, 153-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Johnston conducted an initial appearance on February 24, 2026.  (Doc. 42.)  The government accused Micah Brown (Brown) of violating the conditions of her supervised release by: (1) consuming alcohol on June 11, 2025 by: (2) testing

positive for marijuana on June 23, 2025; (3) admitting to law enforcement on February 10, 2025, that she used methamphetamine daily; (4) admitting to law enforcement that she used fentanyl multiple times in the weeks leading up to February 10, 2026; (5) failing to update her violent offender registry as required since August of 2025; (6) consuming alcohol on February 10, 2026; and (7) admitting to law enforcement on February 10, 2026 that she had left the State of Montana and traveled to Portland Oregon without the permission of the court or her probation officer  (Docs. 37 and 39.)

At the revocation hearing, Brown admitted that she had violated conditions 1-4 and 6-7 of her supervised release as set forth in the Amended Petition.  Judge Johnston dismissed alleged violation 5 on the government's motion. The Court advised Brown of her right to appeal and to allocute before the undersigned. (Doc. 42.)

Judge Johnston found that the violations Brown admitted prove serious and warrants revocation, and recommended that she receive a custodial sentence of 6 months on Count 1, with 30 months of supervised release to follow and to a term of custody for 6 months on Count 2, with 30 months of supervised release to follow. Both the custodial and supervised release terms shall run concurrently with the first 180 days of supervised release, Brown shall be placed in a residential re-entry center

for a period of 180 days at the direction of her probation officer.  (Doc. 48.) The Court finds no clear error in Judge Johnston's Findings and Recommendations.

Accordingly, **IT IS ORDERED** that Judge Johnston's  Findings and Recommendations (Doc. 48 ) are **ADOPTED IN FULL.  IT IS FURTHER ORDERED** that Micah Lynn Brown be sentenced to 6 months on Count 1, with 30 months of supervised release to follow and to a term of custody for 6 months on Count 2, with 30 months of supervised release to follow. Both the custodial and supervised release terms shall run concurrently. During the first 180 days of supervised release, Brown shall be placed in a residential re-entry center for a period of 180 days at the direction of her probation officer.

DATED this 16th day of March 2026.

_____
Brian Morris, Chief District Judge
United States District Court