IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICAH LYNN BROWN,<br><br>Defendant. | CR 24-36-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Micah Lynn Brown (Brown) has been accused of violating conditions of her supervised release. (Doc. 52). Brown admitted the alleged violations. Brown's supervised release should be revoked. Brown should be sentenced to custody until December 8, 2026, with 26 months of supervised release to follow on Count 1, and to a term of custody until December 8, 2026, with 26 months of supervised release to follow on Count 2, with both the custodial and supervised release terms to run concurrently. During the term of supervised release, Brown shall be placed in a residential re-entry center for a term of up to 365 days, at the direction of her probation officer.

## II. Status

Brown plead guilty on October 21, 2024, to the offenses of Felony Child Abuse, in violation of 18 U.S.C. § 1153 and Mont Code Ann. §§ 45-5-212(1), (2(B)(I) as charged in Count 1 of the Indictment and Assault Resulting in Substantial Bodily Injury To An Individual Under 16 Years, in violation of 18 U.S.C. §§ 113(a)(7), 1153(a) as charged in Count 2 of the Indictment. (Doc.25). Brown was sentenced to 6 months of custody followed by 3 years of supervised release on Count 1 and to 6 months of custody followed by 3 years of supervised release on Count 2, with both the custodial and supervised release terms to run concurrently. (Doc. 33). Brown' current term of supervised release began on March 27, 2025.

**Petition**

On September 17, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Brown' supervised release. (Doc. 52). The Petition alleged Brown violated conditions of her supervised release by: (1) failing to follow the instructions of her probation officer by having contact with the father of the victim of her offense during August and September of 2026, after being instructed not to do so; (2) failing to comply with substance abuse testing requirements by dipping a testing cup into toilet water prior to a test; and (3) consuming alcohol and using marijuana and opiates on or about September 14, 2026.

**Initial Appearance**

Brown appeared before the Court on September 29, 2026. Brown was represented by counsel. Brown stated that she had read the Petition and that she understood the allegations against her. Brown waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Brown appeared before the Court on September 29, 2026. Brown admitted that she had violated the conditions of supervised release as set forth in the Petition. Brown's admitted violations, 1-3, are serious and warrant revocation of her supervised release.

**Sentencing hearing**

Brown appeared before the Court on September 29, 2026. Brown's violations are a Grade C. Her criminal history category is I. Brown' underlying offense in Count 1 is a Class C felony and in Count 2 is a Class D felony. Brown could be incarcerated for up to 24 months on Count 1 and for up to 24 months on Count 2. Brown could be ordered to remain on supervised release for 36 months less any custody time on Count 1 and for 36 months less any custody time on Count 2. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III. Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Brown's supervised release should be revoked. Brown should be sentenced to custody until December 8, 2026, with 26 months of supervised release to follow on Count 1, and to a term of custody until December 8, 2026, with 26 months of supervised release to follow on Count 2, with both the custodial and supervised release terms to run concurrently. During the term of supervised release, Brown shall be placed in a residential re-entry center for a term of up to 365 days, at the direction of her probation officer. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Brown that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Brown of her right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Brown that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That MICAH LYNN BROWN. has violated the conditions of her supervised release by: (1) failing to follow the instructions of her probation officer by having contact with the father of the victim of her offense during August and September of 2026, after being instructed not to do so; (2) failing to comply with substance abuse testing requirements by dipping a testing cup into toilet water prior to a test;

and (3) consuming alcohol and using marijuana and opiates on or about September 14, 2026.

The Court **RECOMMENDS:**

That the District Court revoke Brown' supervised release and sentence Brown to custody until December 8, 2026, with 26 months of supervised release to follow on Count 1, and to a term of custody until December 8, 2026, with 26 months of supervised release to follow on Count 2, with both the custodial and supervised release terms to run concurrently. During the term of supervised release, Brown shall be placed in a residential re-entry center for a term of up to 365 days, at the direction of her probation officer.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 30th day of September 2026.

John Johnston
United States Magistrate Judge